PEOPLE ex rel. COSGRIFF v. CRAIG, Sheriff.

(Supreme Court, Trial Term, Monroe County. October 31, 1908.)

1. CRIMINAL LAW (§ 27*)—"PETIT LARCENY"—SECOND OFFENSE—NATURE OF OFFENSE.

Pen. Code, § 535, declares that petit larceny is a misdemeanor; sections 530, 531, define grand larceny in the first and second degrees, respectively; and section 532 declares that every other larceny is petit larceny. Section 688 provides for petit larceny, second offense, a punishment of not less than the longest term nor more than twice the longest term of imprisonment possible upon a first conviction; but the place of punishment is not pointed out. *Held*, that "petit larceny," second offense, is merely a misdemeanor, and not a felony, though the prior conviction authorizes

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a more severe penalty than could be imposed upon the first conviction, and it is punishable by imprisonment in a county penitentiary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 29–31; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 6, p. 5368.]

2. CRIMINAL LAW (§ 1211*)—PETIT LARCENY, SECOND OFFENSE—PUNISHMENT—STATUTORY PROVISIONS.

Pen. Code, § 688, provides that punishment for petit larceny, second offense, shall be imprisonment not less than the longest nor more than twice the longest term possible upon a first conviction; but does not specify the place of imprisonment. Rochester City Charter (Laws 1907, p. 2356, c. 755) § 476, gives the police court power, upon conviction of a misdemeanor, to impose imprisonment not over one year. Section 477 provides that persons convicted before the police court and sentenced to imprisonment must be committed to the Monroe County Penitentiary, where the law does not specify the place of confinement. Held, that on conviction of petit larceny, second offense, the police court may commit accused to the Monroe County Penitentiary for two years.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3302; Dec. Dig. § 1211.*]

3. STATUTES (§ 220*)—LEGISLATIVE CONSTRUCTION.

The fact that the Legislature, under the former charter of Rochester as amended by Laws 1893, p. 361, c. 204, and Laws 1897, p. 1150, c. 784, gave the police court jurisdiction to try persons accused of petit larceny, second offense, affords legislative construction of the most direct kind that the offense is a misdemeanor.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 298; Dec. Dig. § 220.*]

4. CRIMINAL LAW (§ 27*)—NATURE OF OFFENSE—STATUTORY PROVISIONS—"FELONY"—"MISDEMEANOR."

Pen. Code, § 5, defines a "felony" as a crime punishable by death or imprisonment in a state prison. Section 704 provides that where one is convicted of a crime punishable by imprisonment for over one year, or is sentenced for such a term, the imprisonment must be in a state prison, but that the section shall not apply where special statutory provision is made for a particular offense. Section 688 provides that for petit larceny, second offense, the punishment shall be not less than the longest term (one year), nor more than twice the longest term, prescribed for a first conviction. Held not to render petit larceny, second offense, a felony, since petit larceny is expressly denominated a "misdemeanor" by section 535, and one convicted of a misdemeanor could not be sent to a state prison, however long the imprisonment imposed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 29–31; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 3, pp. 2736–2744; vol. 8, p. 7662; vol. 5, pp. 4533–4534; vol. 8, p. 7722.]

5. CRIMINAL LAW (§ 1216*)—PUNISHMENT—IMPRISONMENT IN COUNTY PENITENTIARY—TERM OF MORE THAN A YEAR—STATUTORY PROVISIONS.

There is no statutory restriction of the length of term of persons sentenced for misdemeanors to imprisonment in county penitentiaries.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1216.*]

Habeas corpus by the people, on the relation of Fred Cosgriff, against William H. Craig, as sheriff of Monroe county. On motion for discharge of relator. Relator discharged.

George S. Van Schaick, for relator.
Charles B. Bechtold, Asst. Dist. Atty., for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SUTHERLAND, J. The relator was brought before the police justice of Rochester, charged with having committed petit larceny in the city of Rochester as a second offense. The magistrate held the relator to await the action of the grand jury, whereupon he obtained a writ of habeas corpus, and now moves for his discharge upon the ground that the crime charged against him is only a misdemeanor, and that the police court of the city, under the revised charter passed in 1907, has exclusive jurisdiction to try all cases of misdemeanor committed in said city by persons brought before said magistrate charged with such offense. Section 468, c. 755, p. 2354, Laws 1907.

The action of the police justice in holding the relator for the grand jury is defended on the assumption that petit larceny, charged as a second offense, is a felony. If it is a felony, then the relator can be punished therefor only after indictment, and the action of the police justice was right. If it is a misdemeanor, the relator, having been brought before the police justice charged with the offense, can be tried only in the police court, unless the case is removed to the grand jury on motion of the accused under section 57 of the Code of Criminal Procedure.

In my opinion the offense charged against the relator is a misdemeanor. Section 535 of the Penal Code declares that "petit larceny is a misdemeanor." Petit larceny as a second offense is still petit larceny, although the circumstance of a prior conviction gives the court authority to impose a more severe penalty than could be imposed upon the first conviction. Grand larceny in the first degree is defined by section 530, Pen. Code; in the second degree by section 531; and then section 532 says: "Every other larceny is petit larceny." Petit larceny, charged as a second offense, was a felony under the Revised Statutes from 1828 until the adoption of the Penal Code in 1881, because it was punishable by imprisonment for a term not exceeding five years, and the state prison was designated in the statute as the place of confinement. Rev. St. (1st Ed.) pt. 4, c. 1, tit. 7, § 9. Petit larceny, first offense, was not expressly defined as a misdemeanor under the Revised Statutes, although that was the grade of the offense; it being punishable by imprisonment in a jail or penitentiary, and not in a state prison. Rev. St. (1st Ed.) pt. 4, c. 1, tit. 6, § 1. On the adoption of the Penal Code, petit larceny was expressly declared to be a misdemeanor (section 535), and the punishment for petit larceny, second offense, was directed by section 688 to be for a term not less than the longest term, nor more than twice the longest term, possible upon a first conviction; but the place of imprisonment was not pointed out. And ever since that time it has been lawful for a court of competent jurisdiction to commit one convicted of petit larceny as a second offense for the term prescribed by section 688 to the appropriate penitentiary; and the police court of Rochester, upon conviction of an offender accused of petit larceny, charged as a second offense, may now commit the defendant to the Monroe County Penitentiary for the term of two years. Laws 1907, p. 2356, c. 755, §§ 476, 477.

Under the former charter of the city of Rochester, as amended by chapter 204, p. 361, of the Laws of 1893, and again by chapter 784, p. 1150, of the Laws of 1897, it was provided that the police court should

have jurisdiction to try persons accused of petit larceny as a second offense, thus affording legislative construction of the most direct kind that the offense is a misdemeanor. This particular clause was omitted from the revision of the city charter made by the Legislature in 1907.

The contention that petit larceny, charged as a second offense, is a felony, is based upon sections 5, 688, and 704 of the Penal Code. Section 5 of the Penal Code defines a felony as—

"a crime which is or may be punishable by either death or imprisonment in a state prison."

Section 704 of the Penal Code states that:

"Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a state prison. But this and the two last sections shall not apply to a case where special provision is made by statute as to the punishment for any particular offense or class of offenses or offenders, nor to the cases specified in sections 698, 699, 700 and 701."

And section 688 declares that the punishment to be inflicted upon a person convicted of petit larceny as a second offense must be "for a term not less than the longest term, nor more than twice the longest term prescribed upon a first conviction"; and for a first conviction of petit larceny in the police court of Rochester, the offender can be imprisoned in the Monroe County Penitentiary for a term not exceeding one year. Applying section 688 to that situation, a person convicted of petit larceny, second offense, in the police court, would be subject to imprisonment for a term which must be at least one year, and may be two years; and it is argued that section 704, just quoted, makes it necessary that such imprisonment be in a state prison, and that therefore petit larceny as a second offense must be a felony.

This reasoning I believe to be unsound. Certainly, if the crime can be punished by imprisonment in a state prison, it is a felony. People v. Lyon, 99 N. Y. 210, 1 N. E. 673. But section 704 can have no application to offenses which are expressly defined as misdemeanors only. If, in the statute declaring a certain act to be criminal, and punishable upon conviction by imprisonment for a year or more, the offense is not denominated as a misdemeanor or a felony, it is necessarily a felony, because of the liability to imprisonment in the state prison. People v. Hughes, 137 N. Y. 301, 32 N. E. 1105. But, if the statute which declares the act to be a crime expressly classifies the offense as a misdemeanor, the offender cannot be sent to a state prison, no matter how long a term of imprisonment can be imposed; and in such a case section 704 of the Penal Code has no application. Mairs v. Baltimore & Ohio R. R. Co., 73 App. Div. 273, 76 N. Y. Supp. 838.

It may have been supposed that the penitentiary could not receive a person sentenced for more than a year; but a careful search of the various statutes on the subject discloses no such disability. The authority of courts of record to sentence persons convicted of felony to the various penitentiaries of the state for terms not exceeding five years, conferred by chapter 571, p. 650, of the Laws of 1875, as

amended by Laws 1895, p. 208, c. 372, was taken away by the repeal of that statute by chapter 600, p. 1338, of the Laws of 1899. That legislation, however, did not affect the sentencing of prisoners to the penitentiaries for misdemeanor. The original act for the construction of a workhouse in the county of Monroe (chapter 279, p. 589, Laws 1853) put no limitation upon the time of imprisonment of convicts therein, and section 13 of that original act provided as follows:

"Any person convicted and sentenced to said workhouse, by any court or magistrate in the county of Monroe, shall be liable, upon a second conviction for the same offense, to confinement in said workhouse for double the term of the former sentence of such person."

By chapter 188, p. 307, of the Laws of 1858, the name of the workhouse was changed to the Monroe County Penitentiary, and the penitentiary was made the place of imprisonment of all persons convicted in Monroe county who otherwise would be confined in the county jail. In none of the subsequent amendments affecting the Monroe County Penitentiary has the length of time of detention of prisoners sentenced for misdemeanors been limited. The general penitentiary law (chapter 289, p. 652, Laws 1859, as amended by chapter 209, p. 229, of the Laws of 1874) puts no restriction upon the maximum term of imprisonment of persons convicted of misdemeanor. Accordingly there seems to be no difficulty in the way of carrying out the full purpose of section 688 of the Penal Code upon a conviction of petit larceny, second offense, in the police court of Rochester, and the imposition of a sentence to the Monroe County Penitentiary for a term of from one to two years' duration, as fixed by the judgment of the court.

I conclude, therefore, that the police justice had no jurisdiction to hold the relator for the grand jury, and that, accordingly, he must be discharged from his present imprisonment.